Steven R. Snyder, Esquire
PA Attorney License No. 90994
4292 Emily Drive
Harrisburg, PA 17112
(717) 695-2271
FAX (717) 695-2279
steve_law@comcast.net                                             Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC J. SPACKMAN | : | |
| BRIAN F. SPACKMAN | : | |
| *Plaintiffs* | : | CIVIL ACTION NO. 1:10-CV-2112 |
| | : | |
| v. | : | Civil Action - LAW |
| | : | |
| BRUBAR, INC. d/b/a/ DRAGONFLY CLUB; | : | (Judge Rambo) |
| JUDD GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| BARBARA GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| AND THE CITY OF HARRISBURG, | : | |
| HARRISBURG POLICE DEPARTMENT | : | JURY TRIAL DEMANDED |
| *Defendants* | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT THE CITY OF HARRISBURG AND HARRISBURG POLICE DEPARTMENT MOTION TO DISMISS**

**I.     FACTUAL BACKGROUND**

Plaintiffs are Eric J. Spackman and Brian F. Spackman, adult male brothers who both reside in Harrisburg, Dauphin County, Pennsylvania. Defendant, Brubar, Inc., d/b/a/ the Dragonfly Club is a Pennsylvania registered Corporation and holder of a Pennsylvania liquor license, located at 234 North 2nd Street in Harrisburg, Dauphin County, Pennsylvania. Judd Goodman and Barbara Goodman are the owners of Brubar, Inc. The "City of Harrisburg, Harrisburg Police Department" is also named as a Defendant.

In the early hours of May 23, 2010 the Plaintiffs were walking along Second Street in Harrisburg, in front of the Dragonfly when Plaintiff Eric Spackman inadvertently knocked over a rope standard post situated in front of the club.  As the Plaintiffs continued to walk down Second Street, two bouncers employed by the Dragonfly ran after them and caught up with them several doors down.  One of the bouncers grabbed Eric Spackman by the arm, spun him around and told him to go back and pick up the rope standard post that he had knocked down.  Eric Spackman informed the bouncer that it was an accident and he would not go back and pick up the rope standard.  At this point one of the bouncers began to punch Eric Spackman in the face and knocked him to the ground whereupon he began to kick Eric Spackman in the face.  When Brian Spackman attempted to assist his brother a second bouncer punched him in the face, knocked him to the ground and began to kick him in the face and side. At some point after the two brothers were badly beaten a Harrisburg police officer arrived at the scene at which point the bouncers and other men ran away.

Harrisburg Police Officer Chance, Badge No. 65, proceeded to arrest Eric Spackman for public drunkenness. When Brian Spackman asked Officer Chance why the Dragonfly employees were not going to be arrested, Officer Chance arrested Brian Spackman as well.  Both Plaintiffs were taken to the Harrisburg Police Department where they were booked by officer Wells, Badge Number 89. The brothers then requested medical treatment for their severe injuries upon which time officer Wells denied them medical treatment, stating, "You don't get (expletive)." Both brothers asked Officer Wells if they could make a phone call or call an attorney and were denied.  In the morning of Plaintiffs were released upon which time they went to the Harrisburg Hospital emergency room.  Both brothers sustained serious injuries, to their faces including broken noses severe swelling and lacerations about the face and eyes and broken ribs.

## II.     PROCEDURAL HISTORY

On June 14, 2010, Plaintiffs filed a Writ of Summons in the Court of Common Pleas of Dauphin County against Defendants Brubar, Inc. d/b/a Dragonfly Club, and Judd and Barbara Goodman, individually and as owners of Dragonfly Club, (hereinafter referred to as Brubar). Plaintiff subsequently served pre-complaint interrogatories on Brubar in an attempt to ascertain the names of the Brubar employees who attacked them in front of the Dragonfly Club, owned by Brubar on May 23, 2010.  Brubar filed a Rule to File Complaint on August 24, 2010. On August 26, 2010 Plaintiffs filed a Response to Brubar's Motion and a Motion to Compel Response to Plaintiff's Discovery in that Brubar had failed to timely respond to Plaintiffs' pre-complaint discovery. To date, Brubar has not been forthcoming with the names of the bouncers who attacked Plaintiffs. On or about September 15, 2010, Plaintiff filed their Complaint, adding the City of Harrisburg and the Harrisburg Police Department (hereinafter referred to as the "City of Harrisburg" or "City") as a defendant.  On or about October 12, 2010, the City of Harrisburg filed a motion to remove the case to the United States District Court for the Middle District of Pennsylvania. The City filed a Motion to Dismiss on October 20, 2010. Plaintiff files this Response and Brief in Opposition to Moving Defendant's Motion to Dismiss.

**III.    QUESTIONS PRESENTED:**

    A.  WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AGAINST THE HARRISBURG POLICE DEPARTMENT WHEN SUCH AN ENTITY IS NOT A PROPER DEFENDANT.

       SUGGESTED RESPONSE       NO

    B.  WHETHER PLAINTIFFS' CLAIM AGAINST THE CITY OF HARRISBURG SHOULD BE DISMISSED WHEN PLAINTIFFS FAILED TO PLEAD A "MONTELL CLAIM."

       SUGGESTED RESPONSE       NO

    C.  WHETHER THE CITY'S DENYING PLAINTIFFS' MEDICAL TREATMENT AS SET FORTH IN PLAINTIFFS COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

       SUGGESTED RESPONSE       NO

    D.  WHETHER PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES AGAINST THE CITY OF HARRISBURG, HARRISBURG POLICE DEPARTMENT SHOULD BE DISMISSED WHEN SUCH DAMAGES ARE NOT RECOVERABLE.

       SUGGESTED RESPONSE        YES

**III.    STANDARD OF REVIEW:**

In considering a motion to dismiss, the court must accept as true all of a plaintiff's allegations and construe them in a light most favorable to the plaintiff.. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); see also <u>White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990)</u>.  In <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see also Dist. Council 47, AFSCME v. Bradley, 795 F.2d 310 (3d Cir. 1986).

The Court should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

IV. ARGUMENT

    A. **PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED AGAINST HARRISBURG CITY POLICE WHEN SUCH AN ENTITY IS NOT A PROPER DEFENDANT.**

Plaintiffs' Complaint names the "City of Harrisburg, Harrisburg Police Department" as a single Defendant in this suit. Plaintiffs' suit claims that the City of Harrisburg, Harrisburg Police Department, violated Plaintiffs' rights under 42 USCS § 1983 to receive medical treatment when they were taken into police custody after being severely beaten and sustaining serious, potentially life threatening injuries. The City of Harrisburg, Harrisburg Police Department, through their booking officer, Officer Wells, refused Plaintiffs' requests for medical treatment.

Defendants claim, that the "Harrisburg Police Department" is not a proper entity which can be sued. Defendants quote Millar v. Windsor Township in support of this notion, which provides that:

> Police departments serve only as an administrative arm for the municipality, and it is to the municipality that any liability must flow. Accordingly, defendants' motion to dismiss will be granted as to the claims against the Police Commission [and not the municipality].

Millar v. Windsor Township, 2005 U.S. Dist. LEXIS 17433, *8- 9 (M.D. Pa. 2005)

While Plaintiffs, in this case do not dispute the fact that the Harrisburg Police Department is an administrative arm of the City of Harrisburg, Plaintiffs believe this is a non-issue and that there is no problem with the way Plaintiffs' Complaint is drafted.

In Millar v. Windsor Township, the plaintiff attempts to distinguish their case by arguing that the Township's police department was a separate corporate entity from the municipality. Plaintiffs in this case make no such claim. Plaintiffs' 42 USCS § 1983 claim is against one defendant, the City of Harrisburg, for violation of Section 1983 by its Harrisburg Police Department. Throughout Plaintiffs' Complaint the City and its police department are referenced as one entity.

To that end, Plaintiffs request that Defendant, City of Harrisburg, Harrisburg Police Department's motion to dismiss the Harrisburg Police Department from this suit be DISMISSED. In the alternative, Plaintiffs would request that the Court grant Plaintiff leave to Amend their Complaint to eliminate the Harrisburg Police Department as a defendant and maintain the City of Harrisburg as a Defendant as set forth in Plaintiffs Draft Order, attached.

> **B. PLAINTIFFS' CLAIM AGAINST THE CITY OF HARRISBURG SHOULD NOT BE DISMISSED BECAUSE PLAINTIFFS' COMPLAINT IS CONSISTENT WITH THE REQUIREMENTS FOR SECTION 1983 LIABILITY SET FORTH IN MONELL V. DEPT. OF SOCIAL SERVICES OF NEW YORK CITY, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).**

As Defendant points out in their Brief, according to the holding of Monell v. New York Department of Social Services," a municipality may not be held liable for the acts of its

employees on a theory of *respondeat superior* or vicarious liability." Monell v. New York Department of Social Services, 436 U.S. 658, 692-93, 98 S. Ct. 2018, 56 L. Ed. 2d 611. However, "[i]t is well-settled that to establish a violation of 42 U.S.C. § 1983 by a municipality, a plaintiff must show that the alleged misconduct was caused by an official government custom or policy, or a "failure to train." Id.  Plaintiff alleges both.

According to the holding in Monell "[c]ongress included customs and usages in § 1983 because of the persistent and widespread discriminatory practices of [local government] officials . . . . Although not authorized by written law, such practices of [government] officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."

Due to the egregious conduct and language used by Officer Wells and the other officers present on the night Plaintiffs were taken into custody, and the treatment of both Plaintiffs who were obviously seriously injured, it is Plaintiffs belief, and therefore averred in Plaintiffs Complaint that it is a either an express policy that seriously injured individuals taken into police custody are not afforded medical treatment or in the absence of an express policy, a widespread practice that is so permanent and well-settled as to constitute custom or usage with the forces of law.  Plaintiff also believes and therefore avers that the City failed to train its officers with respect to the need of injured individuals to receive medical treatment and that this failure to train is a clear duty implicated in recurring situations that are certain to be encountered

Plaintiff further avers that this widespread practice of not providing medical treatment to seriously injured inmates is directly and causally related to the violation of both Plaintiffs' constitutional rights.

As stated, the conduct of Harrisburg Police Officer Wells and the other officers on duty the night that Plaintiffs were taken into custody, and Officer Wells' response when asked by the

Plaintiffs for medical treatment is the foundation for Plaintiffs averment that Plaintiffs' injury is the result of a either an express policy or a widespread practice as well as a failure to train. Given the opportunity to conduct written discovery and depositions, Plaintiffs believe and therefore avers that additional supporting information regarding the cities policies and practices will be evident

To that end, Moving Defendant's Motion to Dismiss the City of Harrisburg from Plaintiffs' suit for failure to state a claim consistent with the holding of Monell v. New York Department of Social Services should be DISMISSED.

### C. THE CITY'S DENYING PLAINTIFFS' MEDICAL TREATMENT AS SET FORTH IN PLAINTIFFS COMPLAINT DOES NOT FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

Plaintiffs' Complaint states a claim for denial of medical treatment when requested by Plaintiffs' in violation of the Fourteenth Amendment. As Defendant points out in their Brief, "to state a claim, a plaintiff must allege facts showing (1) a serious medical need and (2) acts or omissions by police officers that demonstrate a deliberate indifference to that need. Sullivan v. Warminster Township, 2010 U.S. Dist. LEXIS 53409, *12 (E.D. Pa. May, 27 2010), quoting Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Defendants Brief also sets forth the definition in case law for "serious medical need." To be deemed a "serious" medical need, the plaintiff's medical need must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person could easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). *Serious* medical need "contemplates a

condition of urgency, one that may produce death, degeneration, or extreme pain." Fetters v. Beregovskaya, 2007 U.S. Dist. LEXIS 2101, *11 (M.D. Pa. 2007).

Plaintiffs were taken into custody after being severely kicked and beaten by at least two bouncers employed at the Dragonfly Club on North Second Street. Eric Spackman was punched and kicked in the face until he was unconscious and sustained a broken nose and both eyes were swollen shut. His face and clothing were covered in blood. Brian Spackman was also punched and kicked in the face and ribs. He suffered both a broken nose and broken ribs and his face was covered in blood and both eyes swollen shut as well. Plaintiff attached photographs to their Complaint which demonstrate the serenity of their injuries. Anyone looking at the two brothersuincluding the arresting Officer and the Booking Officer  would have known that they needed medical attention. Plaintiffs' injuries were "so obvious that a lay person could easily recognize the necessity for a doctor's attention."  A beating the likes of the one received by both Plaintiffs may well have caused a concussion and possible death…i.e.  "one that may produce death, degeneration, and extreme pain." And in the event that Officer Wells could not see that both Plaintiffs were in serious medical condition, the brothers informed Officer Wells that they were in need of medical attention.  Officer Wells response to Plaintiffs request for medical treatment was, "you don't get (expletive)" The brothers asked if they could call their parents or speak to a lawyer. Again, Officer Wells denied their request. This constitutes a "*serious medical need*" and "*deliberate indifference to that need for medical treatment*."

Plaintiffs' Complaint does not fail to state a claim for which relief may be granted. Defendants' Motion for Dismissal should be DENIED.

### D. PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES AGAINST THE CITY OF HARRISBURG, HARRISBURG POLICE DEPARTMENT SHOULD BE DISMISSED AS SUCH DAMAGES ARE NOT RECOVERABLE.

Plaintiff concedes that state and local governments are immune from punitive damages under 42 U.S.C. § 1983, and request leave of this Court to amend their complaint accordingly and as set forth in the attached Draft Order.

### V. CONCLUSION

Wherefore, for the forgoing reasons, Plaintiff respectfully request this court issue an order as follows and as set forth in the attached Draft Order:

(1) Defendant's request to dismiss the Harrisburg Police Department as a Defendant is GRANTED;

(2) Defendant's request to dismiss the City of Harrisburg as a Defendant is DENIED;

(3) Defendant's request to dismiss Plaintiffs' Complaint for failure to state a claim is DENIED; and,

(4) Defendant's request to dismiss Plaintiffs' request for punitive damages against Defendant is GRANTED.

Plaintiffs further request this Honorable Court grant them leave to file an Amended Complaint within 20 day of the date of this Order, contain the following amendments:

(1) eliminate the Harrisburg Police Department as a Defendant; and

(2) eliminate any reference to punitive damages against Defendant City of Harrisburg,

                                                                                         Respectfully submitted,

Date:   October 25, 2010                        __*/s/ Steven R. Snyder*_____
                                                                    Steven R. Snyder, Esquire
                                                                    Attorney ID Number 90994
                                                                    2411 North Front Street, Suite 200
                                                                    Harrisburg, PA 17110
                                                                    (717) 238-9130
                                                                    Attorneys for Plaintiff

Steven R. Snyder, Esquire
PA Attorney License No. 90994
4292 Emily Drive
Harrisburg, PA 17112
(717) 695-2271
FAX (717) 695-2279
steve_law@comcast.net                                             Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC J. SPACKMAN | : | |
| BRIAN F. SPACKMAN | : | |
| *Plaintiffs* | : | CIVIL ACTION NO. 1:10-CV-2112 |
| | : | |
| v. | : | Civil Action - LAW |
| | : | |
| BRUBAR, INC. d/b/a/ DRAGONFLY CLUB; | : | (Judge Rambo) |
| JUDD GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| BARBARA GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| AND THE CITY OF HARRISBURG, | : | |
| HARRISBURG POLICE DEPARTMENT | : | JURY TRIAL DEMANDED |
| *Defendants* | : | |

CERTIFICATE OF SERVICE

I, Steven R. Snyder, Esquire, hereby certify that a true and correct copy of the foregoing document(s) was served upon all counsel of record via electronic filing on the date set forth below:

John R Evans, Esquire, Bolan Jahnsen, jevans@bolanjahnsen.com

John Flounlacker, Esquire, Thomas, Thomas & Hafer, jflounlacker@tthlaw.com

Scott D. McCarroll, Esquire, Thomas, Thomas & Hafer, smccarroll@tthlaw.com

Date:  October 25, 2010     __/s/ Steven R. Snyder_____
 Steven R. Snyder, Esquire
 Attorney ID Number 90994
 2411 North Front Street, Suite 200
 Harrisburg, PA 17110
 (717) 238-9130
 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC J. SPACKMAN | : | |
| BRIAN F. SPACKMAN | : | |
| *Plaintiffs* | : | CIVIL ACTION NO. 1:10-CV-2112 |
| | : | |
| v. | : | Civil Action - LAW |
| | : | |
| BRUBAR, INC. d/b/a/ DRAGONFLY CLUB; | : | (Judge Rambo) |
| JUDD GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| BARBARA GOODMAN, INDIVIDUALLY | : | |
| AND AS OWNER OF DRAGONFLY CLUB; | : | |
| AND THE CITY OF HARRISBURG, | : | |
| HARRISBURG POLICE DEPARTMENT | : | JURY TRIAL DEMANDED |
| *Defendants* | : | |

ORDER

AND NOW, to wit, this ____ day of _____, 2010, having considered the Motion to Dismiss and Brief in support thereof filed by Defendant City of Harrisburg and Harrisburg Police Department, and Plaintiffs' Response and Brief in Opposition to the said motion, it is hereby ORDERED and DECREED as follows:

(5) Defendant's request to dismiss the Harrisburg Police Department as a Defendant is GRANTED;

(6) Defendant's request to dismiss the City of Harrisburg as a Defendant is DENIED;

(7) Defendant's request to dismiss Plaintiffs' complaint for failure to state a claim is DENIED; and,

(8) Defendant's request to dismiss Plaintiffs' request for punitive damages against Defendant is GRANTED.

It is further ORDERED and DECREED that Plaintiff is granted leave to file an Amended Complaint within 20 day of the date of this Order. Plaintiffs' Amended Complaint should contain the following amendments:

    (3) eliminate the Harrisburg, Police Department as a Defendant; and

    (4) eliminate any reference to punitive damages against Defendant City of Harrisburg,

                                      BY THE COURT

                                                                            J.

Distribution:

Steven R. Snyder, Esquire, 4292 Emily Drive, Harrisburg , PA 17112, steve_law@comcast.net

John R Evans, Esquire Bolan Jahnsen, 31 South Eagle Rd., Ste 202, Havertown , PA 19083 jevans@bolanjahnsen.com

John Flounlacker, Esquire and Scott D. McCarroll, Esquire, Thomas, Thomas & Hafer, 305 North Front Street, P.O. Box 999, Harrisburg , PA 17108-0999, jflounlacker@tthlaw.com, smccarroll@tthlaw.com