IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC J. SPACKMAN and BRIAN F. SPACKMAN, | : |
| Plaintiffs | : CIVIL NO. 1:10-CV-2112 |
| v. | : |
| BRUBAR, INC d/b/a/ DRAGONFLY CLUB; JUDD GOODMAN, Individually and as Owner of Dragonfly Club; BARBARA GOODMAN, Individually and as Owner of Dragonfly Club; and THE CITY OF HARRISBURG, HARRISBURG POLICE DEPARTMENT, | : JUDGE SYLVIA H. RAMBO |
| Defendants | : |

# **M E M O R A N D U M**

In their complaint, Plaintiffs Eric J. Spackman and Brian F. Spackman bring state law negligence claims against Defendants Brubar, Inc. d/b/a Dragonfly Club, and Judd and Barbara Goodman as individuals and as the owners of Dragonfly Club (collectively, "Dragonfly Defendants"), as well as federal civil rights claims against the City of Harrisburg, Harrisburg Police Department ("Harrisburg Defendants"). This case was originally filed in state court in the Dauphin County Court of Common Pleas, Dauphin County, Pennsylvania, on September 15, 2010, and was later removed to this court by the Harrisburg Defendants on October 12, 2010. (Doc. 1.) Before the court is the Harrisburg Defendants' motion to dismiss. (Doc. 4.) For the reasons that follow, the motion will be granted and this case will be remanded to state court.

**I.      Background**

      **A.      Facts**

The following facts are taken from Plaintiffs' complaint and are taken as true for purposes of disposing of the instant motion. Plaintiffs are adult male brothers who reside in Harrisburg, Dauphin County, Pennsylvania. (Doc. 1-2, Compl. ¶ 1.) Defendant Brubar, Inc d/b/a Dragonfly Club ("Dragonfly") is a Pennsylvania corporation and holder of a liquor license located at 234 N. Second Street, Harrisburg, Dauphin County, Pennsylvania. (*Id.* ¶ 2.) Defendants Judd and Barbara Goodman are the owners of Brubar, Inc. d/b/a Dragonfly Club. (*Id.* ¶ 3.)

On May 23, 2010, Plaintiffs were walking along Second Street in Harrisburg, in front of Dragonfly, when Plaintiff Eric Spackman knocked over a rope standard post in front of the club. (*Id.* ¶ 4.) As Plaintiffs continued to walk down Second Street, two bouncers employed by Dragonfly ran after them and caught up with them several doors down; one of the bouncers grabbed Eric Spackman by the arm, spun him around and told him to go back and pick up the rope standard post that he had knocked down. (*Id.* ¶¶ 5-6.) Eric Spackman told the bouncer that it was an accident and refused to pick up the rope standard, at which point the bouncer punched Eric Spackman in the face, knocked him to the ground and began to kick him in the face and side. (*Id.* ¶¶ 7-8.) When Brian Spackman attempted to intervene, the second bouncer punched him in the face, knocked him to the ground and began to kick him in the face and side. (*Id.* ¶ 9.) Several other individuals punched and kicked Plaintiffs while they were on the ground until a Harrisburg police officer arrived at the scene, at which point the bouncers and the other men ran away. (*Id.* ¶ 10.)

Harrisburg Police Officer Chance arrested Eric Spackman for public drunkenness. Brian Spackman then asked Officer Chance why he was not going to

arrest the bouncers and he too was arrested. (*Id.* ¶¶ 11-12.) Plaintiffs were taken to the Harrisburg Police Department where they were booked by Police Officer Wells. Plaintiffs requested medical treatment for their injuries, but were denied treatment by Officer Wells who told them, "You don't get (expletive)." (*Id.* ¶ 14 (deletion in original).) Plaintiffs also asked Officer Wells if they could make a phone call or call an attorney, but these requests were denied. (*Id.* ¶ 15.) In the morning, Plaintiffs were released and went to the Harrisburg Hospital emergency room. (*Id.* ¶ 16.) As a result of the assault, Plaintiffs sustained "injuries to their faces[,] including broken noses, severe swelling and lacerations about the face and eyes[,] and broken ribs." (*Id.* ¶ 17.)

### B. Procedural History

On June 14, 2010, Plaintiffs filed a Writ of Summons in the Court of Common Pleas of Dauphin County against the Harrisburg Defendants and the Dragonfly Defendants. Plaintiffs filed their complaint on or about September 15, 2010, and the case was removed to this court by the Harrisburg Defendants on October 12, 2010. (*See* Doc. 1, Notice of Removal.) On October 20, 2010, the Harrisburg Defendants filed a motion to dismiss and brief in support. (Docs. 4-5.) Plaintiffs filed their brief in opposition on October 26, 2010. (Doc. 7.) The Dragonfly Defendants filed their brief in opposition on October 28, 2010. (Doc. 8.) On November 3, 2010, the Harrisburg Defendants filed their reply brief. (Doc. 9.) The motion is ripe for disposition.

## II. Legal Standard

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d

Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1950 (2009)).

The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not

consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.     Discussion

The Harrisburg Defendants argue that to the extent Plaintiffs are asserting their 42 U.S.C. § 1983 claims against the Harrisburg Police Department as an entity separate and distinct from the City of Harrisburg, such claims fail as a matter of law because a municipal police department is not a person subject to suit pursuant to § 1983, and, thus, not a proper defendant. The Harrisburg Defendants also contend that Plaintiffs claims fail because they have not properly or sufficiently alleged the existence of a policy, practice or custom giving rise to municipal liability as required by *Monell v. N.Y. City Dep't of Social Svcs.*, 436 U.S. 658 (1978), and that, *Monell* liability notwithstanding, they have failed to properly allege that the Harrisburg Defendants were deliberately indifferent to a serious medical need. Finally, the Harrisburg Defendants contend that even if liability has been well-pled,

Plaintiffs' claims for punitive damages fail as a matter of law because such damages are not recoverable against municipal entities.

As to the first and fourth arguments made by the Harrisburg Defendants, Plaintiffs concede that they are correct. In their brief in opposition to the motion to dismiss, Plaintiffs state that it was never their intention to state a § 1983 action against the Harrisburg Police Department separate and apart from the City of Harrisburg, but that they meant simply to sue the City of Harrisburg. (*See* Doc. 7, Pl.'s Br. in Opp'n at 5-6.) Similarly, Plaintiffs concede that state and local governments are immune from punitive damages claims and agree to dismissal of that claim. (*See id.* at 10.) Accordingly, the court will construe Plaintiffs' complaint to assert a cause of action only as to the City of Harrisburg, acting through its police department, and it will dismiss Plaintiffs' claim for punitive damages against Harrisburg Defendants.

### B. Failure to properly plead deliberate indifference to a serious medical need

Although Plaintiffs are not clear as to the precise nature of the constitutional violation they allege, deliberate indifference to a pre-trial detainee's medical needs is properly pled as a violation of the Fourteenth Amendment, *Simmons v. City of Phila.*, 947 F.2d 1042, 1067 (3d Cir. 1991), however, the Third Circuit has allowed improperly pled claims of deliberate indifference to medical needs to proceed under the Eighth Amendment, *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To state a claim under either amendment, Plaintiffs must allege facts showing (1) a serious medical need, and (2) acts or omissions by police officers that demonstrate a deliberate indifference to that need. *See id.* at 582. A medical need is serious if it has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize

the need for medical attention.  *Taylor v. Plousis*, 101 F. Supp. 2d 255 (D.N.J 2000) *(citing Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987)).

A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (discussing *Farmer v. Brennan*, 511 U.S. 825 (1994)).  Where denial or delay of care causes an inmate to suffer a life-long handicap or permanent loss, the medical need will obviously be considered serious.  *See Monmouth County Corr. Institutional Inmates,* 834 F.2d at 347.  However, short of such situations, each claim must be evaluated to determine whether the treatment or lack thereof implicates the "broad and idealistic concepts of dignity, civilized standards, humanity and decency" that provide the underpinnings for defining the reaches of the Eighth, or in this case, the Fourteenth Amendments. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Here, Plaintiffs do not allege that the Harrisburg Defendants refusal to obtain medical assistance caused them a life-long handicap or a permanent loss. Instead, Plaintiffs allege that they "sustained severe injuries which were obvious to the arresting and booking police officers," (Doc. 1-2, Compl., ¶ 23), specifically, they allege that they sustains injuries "to their faces including broken noses severe swelling and lacerations about the face and eyes and broken noses severe swelling and lacerations about the face and eyes and broken ribs."  (*Id.* ¶ 17.)

Based on these allegations, the court cannot say that these injuries were so serious that the police officers should have easily recognized the need for medical attention.  In other contexts, courts have held that a broken nose is not a serious medical need.  *See Walker v. City of Philadelphia*, 2010 U.S. Dist. LEXIS 79037, *16 (E.D. Pa. Aug. 5, 2010) (dismissing a failure to render medical treatment claims

7

where medical needs consisted of an alleged broken nose and a lack of medical treatment); *Gibson v. Borough of Westchester*, 2004 U.S. Dist. LEXIS 1166, *20 (Jan. 9, 2004) (explaining the request for medical assistance for broken nose at scene of arrest does not involve a "serious medical need"). The same can be said for Plaintiffs' facial lacerations and swollen eyes. *See Banks v. Beard*, 2006 U.S. Dist. LEXIS 52985, *41 (W.D. Pa. Aug. 1, 2006) ("Injuries such as cuts, scrapes, scratches, bruises and a swollen black eye simply do not in themselves reflect trauma that necessarily calls for immediate medical treatment from a physician.")

As to Plaintiffs' allegations that they suffered from broken ribs, Plaintiffs claim that they only requested medical treatment after they arrived at the police station, and they do not claim that they informed the officers that they were having difficulty breathing or were in pain as a result of trauma to their ribs, thus it is difficult for the court to see how it is that the Harrisburg Defendants were aware of Plaintiffs' need for treatment.

In their brief in opposition to the Harrisburg Defendants' motion to dismiss, Plaintiffs add additional facts not contained in their complaint. Notably, Plaintiffs state that "Eric Spackman was punched and kicked in the face until he was unconscious and sustained a broken nose and both eyes were swollen shut." (Doc. 7, Br. in Opp'n at 9.) Plaintiffs further elaborate that their face and clothing were covered in blood. (*Id.*) It bears mentioning that aside from the broken nose, none of this information was in the complaint, and thus cannot be considered for purposes of determining whether Plaintiffs' claims are well pled.

Nevertheless, even assuming that Plaintiffs could supplement their complaint with these additional facts, and that they would be sufficient to reach the threshold of a serious medical need, Plaintiffs have not sued the police officers in question as individuals, and, instead, have asserted a claim against the City of

8

Harrisburg itself. In so doing, Plaintiffs must demonstrate that the City of Harrisburg had a policy, practice or custom, established by a policymaker, of denying medical treatment to persons held in police custody. They have failed to do so.

### B. *Monell*

Pursuant to *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), a municipality can be liable only for an unconstitutional policy or custom carried out by its employees, but cannot be held liable under a theory of respondeat superior. To establish liability under *Monell*, a plaintiff must identify the challenged policy, attribute it to the municipality itself, and show a causal link between the execution of the policy and the injury suffered. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). A policy is shown "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting, in part, *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)). A custom is shown when the practice of "state officials [are] so permanent and well settled as to virtually constitute law. *Id.* (internal quotations and citations omitted).

Here, Plaintiffs allege that the Harrisburg Defendants are liable because after being arrested, they asked Police Officer Wells, during booking, for medical attention, and that Wells denied them medical attention, stating "You don't get (expletive)." (Doc. 1-2, Compl. ¶ 14 (deletion in original).) According to Plaintiffs, "[b]ased on Harrisburg Police Officer Wells' response to Plaintiffs' request for medical treatment for their injuries, it is believed and therefore averred that it is the policy and custom of the Harrisburg Police Department not to provide medical treatment to seriously injured people taken into police custody." (*Id.* ¶ 28.) This is the entirety of the allegations against the City of Harrisburg, and is not sufficient.

Even assuming that the allegations against Police Officer Wells establishes deliberate indifference to Plaintiffs' serious medical needs—*see supra*, Part III.A—it is well established that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). The rationale for this rule is straightforward. "[A] single incident of police misbehavior by a single policeman is insufficient as sole support for an inference that a municipal policy or custom caused the incident." *Id.* at 832, (Brennan, J., concurring); *see also Brown v. City of Pittsburgh*, 586 F.3d 263, 293 n. 36 (3d Cir. 2009) (stating that *Tuttle*, although fragmented in its reasoning, "agreed that a single incident of unconstitutional police conduct, standing alone, was insufficient to establish municipal liability because it could not support an inference that there existed a city policy that was the cause of the incident").

Here, Plaintiffs allege that Police Officer Wells' denial of their request for medical care is the *sole* basis for their inference that the Harrisburg Defendants had a policy, practice or custom of denying medical treatment to injured individuals in their custody. (*See* Doc. 1-2, Compl. ¶ 28 ("Based on . . . Wells' response to Plaintiffs' request for medical treatment it is believed and therefore averred that it is the policy and custom of the [Harrisburg Defendants] not to provide medical treatment to seriously injured people taken into police custody.").) This is legally insufficient. Moreover, Plaintiffs fail to identify any final policymaker responsible for implementing or acquiescing in any alleged policy or custom, an essential element in any *Monell* claim. *See Andrews,* 895 F.2d at 1480 (stating that a

policy is shown "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.") (alteration in original, citations to omitted).)

For their part, Plaintiffs argue that the court should not dismiss their claims against the Harrisburg Defendants because they believe that discovery will produce evidence sufficient to support their claims. However, it takes more than speculation to get to discovery as "Rule 8 . . . does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a) (alterations in original).) Here, Plaintiffs have done nothing more than speculate that they will be able to demonstrate through discovery that a policy, practice or custom exists.

Thus, at best, Plaintiffs complaint provides grounds for speculation and a theoretical possibility of misconduct, but does not come close to meeting the standard announced in *Iqbal* or *Twombly*, *supra.* Accordingly, Plaintiffs' claims against the Harrisburg Defendants fail as a matter of law, and the court will grant the motion to dismiss.

### C. **No Leave to Amend; Remand to State Court**

While ordinarily the court must grant leave to amend a civil rights complaint that is merely deficient, doing so in this case would be futile. Plaintiffs have come forward with no information suggesting that they could bolster their allegations against the City of Harrisburg to show that the City has a policy, practice or custom of deliberate indifference to the serious medical needs of individuals held in police custody. This, coupled with the tenuous factual basis upon which Plaintiffs' constitutional violations are based, leads the court to conclude that leave

to amend would be futile and constitute undue delay.  Accordingly, Count II of Plaintiffs' complaint will be dismissed without leave to amend.

Because the remainder of Plaintiffs claims are state law negligence claims against non-diverse parties, this court does not have jurisdiction to entertain them and the case will be remanded to state court for further proceedings on Count I. *See* 28 U.S.C. § 1147(c); 28 U.S.C. § 1332.  The court will issue an appropriate order.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  December 2, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC J. SPACKMAN** and **BRIAN F. SPACKMAN,** | :<br>:<br>: |
| **Plaintiffs** | : CIVIL NO. 1:10-CV-2112 |
| v. | :<br>: |
| **BRUBAR, INC d/b/a/ DRAGONFLY CLUB; JUDD GOODMAN, Individually and as Owner of Dragonfly Club; BARBARA GOODMAN, Individually and as Owner of Dragonfly Club;** and **THE CITY OF HARRISBURG, HARRISBURG POLICE DEPARTMENT,** | :<br>:<br>:<br>: **JUDGE SYLVIA H. RAMBO**<br>:<br>:<br>: |
| **Defendants** | : |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) Defendant the City of Harrisburg, Harrisburg Police Department's motion to dismiss, (Doc. 4), is **GRANTED**;

(2) Count II of Plaintiffs' complaint is **DISMISSED WITHOUT LEAVE TO AMEND**; and

(3) The Clerk of Court shall **REMAND** this case to the Dauphin County Court of Common Pleas, Dauphin County, Pennsylvania, for further proceedings on Plaintiffs' complaint and shall close the case.

                                                                          s/Sylvia H. Rambo
                                                                          United States District Judge

Dated: December 2, 2010.